*Exhibit 3*



March 8, 2024

Third Step Grievance
Chris Partridge ▮▮▮▮▮▮▮▮
Athletics

Dear Mr. Partridge,

On behalf of the University's 3rd Step Grievance Committee, I write to inform you of our decision from the grievance hearing held at your request on February 27, 2024.

In the written materials provided and in the hearing, you shared your employment history with the university and described the events leading to your termination on November 17, 2023. You described a November 13, 2023 meeting in which Debbie Kowich and Doug Gnodtke spoke with the football staff, advising that there was an NCAA investigation and that the NCAA would be conducting interviews. During that meeting, staff were specifically advised multiple times not to talk to anyone about the investigation or the interviews. Although Coach Harbaugh requested that the directive be put into writing as parents and student-athletes were likely to have questions for football staff, nothing was put into writing. You stated that you felt the directive needed to be put into writing because as a coach, student-athletes and parents will come to you for information, and that having the information in writing would help you know what's going on. You claimed that a day later, on November 14, 2023, a student-athlete approached you and shared he was going to be interviewed by the NCAA and you advised the student-athlete to get an attorney. On November 17, 2023, Doug Gnodtke requested a meeting with you and Warde Manuel. Warde advised that you were terminated for disobeying a directive not to communicate with a student-athlete during an investigation. You shared that after your termination, the head football coach, Jim Harbaugh, telephoned you and shared that he had nothing to do with your termination. Citing language in your MOU that stipulates your employment is subject to the satisfactory performance of your duties as determined by the Head Football Coach and Athletic Director, you contend that the apparent disagreement between Warde and Jim violates the terms of your MOU. In addition, you stated your belief that you were entitled to a Disciplinary Review Conference (DRC) as stipulated in SPG 201.12, and that you had no chance to share your perspective on the situation.

Our review of SPG 201.12, specifically section III.C. confirms that you were not entitled to a DRC as that section excludes "...those whose employment agreement states that they serve at the pleasure of a particular University official", a provision that is explicit in your February 7, 2023 MOU which includes the clause that your employment is subject to the satisfactory performance of your duties as determined by the Head Football Coach and Athletic Director. Although you were not entitled to a DRC, the grievance hearing did afford you the opportunity to share your perspective on the matter. Your conversation with the student athlete including your admission that you advised a student-athlete to contact an attorney prior to meeting with an NCAA investigator did violate the directive shared at the November 13, 2023 meeting to not communicate with student-athletes about the investigation or interviews. The committee also learned that guidance was provided at the November 13, 2023 meeting on how to respond to student-athlete queries, specifically to advise that you were unable to discuss the situation and refer them back to Doug Gnodtke, Elizabeth Heinrich, or Debbie Kowich. Moreover, the fact that the directive was not placed in writing did not excuse you from



following the oral directive. The committee agrees that you failed to satisfactorily perform your duties and were appropriately relieved of your duties at the behest of the Athletic Director .

Following the committee's examination of your grievance, your requested remedies are denied.  No further appeal is available under the University's Grievance Procedure and Dispute Policy, 201.08.


_____          ___March 8, 2024_____
Linda Dabrowski, Associate Director, Staff HR Services          Date
On behalf of the University Review Committee


Cc:  University Review Committee
     Grievance File 11716