1997 WL 33343826
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

Nelson L. EHINGER, Plaintiff-Appellant,
v.
UNIVERSITY OF MICHIGAN BOARD OF REGENTS, Defendant-Appellee.

No. 190492.
|
Sept. 19, 1997.

Before: HOOD, P.J., and McDONALD and YOUNG, JJ.

UNPUBLISHED

PER CURIAM.

***1** Plaintiff appeals as of right from the order granting defendant summary disposition. After being discharged from his employment with defendant, plaintiff filed suit against defendant claiming age discrimination under Michigan's Civil Rights Act, M.C.L. § 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* handicapper discrimination under the Handicappers' Civil Rights Act (HCRA), M.C.L. § 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* and breach of a contract providing for termination only for just cause. The trial court summarily disposed of all three. We affirm.

The lower court granted defendant summary disposition under MCR 2 .116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact and judgment as a matter of law). Because the lower court apparently reviewed the documentary evidence submitted by both parties in reaching its conclusions, we review this issue under MCR 2.116(C)(10). MCR 2.116(G)(5); *Shirilla v. Detroit,* 208 Mich.App 434, 436-437; 528 NW2d 763 (1995). Thus, we examine all relevant affidavits, depositions, admissions, and other documentary evidence, construe the evidence in favor of the nonmoving party, and determine whether a genuine issue of material fact exists on which reasonable minds could differ or whether the movant is entitled to judgment as a matter of law. *Id.* at 437.

I

Plaintiff's termination from employment arose out of defendant's reduction in force program (RIF). Thus, in order for plaintiff to establish his case of disparate treatment under theCivil Rights Act, he had to present evidence that he was within the protected class and was discharged or demoted, that he was qualified to assume another position at the time of discharge or demotion, and that age was a determining factor in defendant's decision to discharge or demote the plaintiff. *Matras v. Amoco Oil Co,* 424 Mich. 675, 683-685; 385 NW2d 586 (1986). Although plaintiff presented sufficient evidence of the first two elements of a prima facie case, he has not tendered specific factual evidence that could lead a reasonable jury to conclude that age was a determining factor in defendant's decision to demote and discharge plaintiff.

Plaintiff presented evidence that the four individuals removed during defendant's 1991 reduction were predominantly older employees while the individuals hired during the 1992 expansion to replace them were significantly younger. However, small statistical samples provide little or no probative force to show discrimination. *Simpson v. Midland-Ross Corp,* 823 F.2d 937, 943, n 7 (CA6, 1987). Further, plaintiff's statistical evidence does not show that defendant favored younger employees, tended to discharge older employees, or that defendant in some manner held older employees in disfavor. Therefore, the trial court's grant of summary disposition for defendant was proper because plaintiff has not established his prima facie case. See, *Plieth v. St Raymond Church,* 210 Mich.App 568; 534 NW2d 164 (1995).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

II

***2** To support his claim under the HCRA, plaintiff presented ample evidence of his long-standing hypertension and relied on the holding in *Crittenden v. Chrysler Corp,* 178 Mich.App 324, 332; 443 NW2d 412 (1989), where this Court reversed a lower court's grant of summary disposition because the plaintiff established a prima facie case that he was suffering from hypertension. This Court does not have to disaffirm its earlier holding in *Crittenden* in order to find that plaintiff's hypertension is not a handicap in this case. Our decision in *Crittenden* did not establish hypertension as a handicap per se; rather, we held that the plaintiff's hypertension was a handicap under the HCRA not only because it was a "determinable physical or mental characteristic" but also because it was "unrelated to the individual's ability to perform the duties of a particular job." *Crittenden, supra* at 332; MCL 37.1103(b)(i); MSA 3.550(103)(b)(i)..

Indeed, the significant differences between the job duties of plaintiff in this case with the university's computer-based network systems and the duties of the plaintiff in *Crittenden* as an auto worker demonstrate how hypertension could be a handicap in one set of facts but not in another. It is apparent from the testimony and evidence in this case that plaintiff's hypertension and his struggle with his medications prevented him from fulfilling his job requirements because the condition affected his cognitive abilities to the point that plaintiff and his physicians believed that he was suffering from Alzheimer's disease; therefore, it cannot be said that the condition was unrelated to the employment.

The HCRA does not protect an employee with a disability that affects his or her ability to perform the duties of the particular job. *Wilson v. Acacia Park Cemetery Ass'n,* 162 Mich.App 638, 643-644; 413 NW2d 79 (1987). This conclusion is not altered by plaintiff's alleged subsequent recovery from the adverse reaction to his medication. "Whether a particular medical condition is related to employment should not depend on the correctness of the employer's evaluation of the prospects of the employee's eventual recovery." *Id.* at 644. Thus, plaintiff has not established a prima facie case of handicapper discrimination and the trial court properly granted defendant summary disposition to defendant.

III

Finally, we agree with the trial court that there is no genuine issue of material fact concerning whether plaintiff was other than an at-will employee. Plaintiff's reliance on the disciplinary procedures that defendant established in its *Standard Practices Guide* does not establish a promise of termination for just cause because there is nothing to suggest that the enumerated conduct was the only basis for dismissal. *Biggs v. Hilton Hotel Corp,* 194 Mich.App 239, 241; 486 NW2d 61 (1992). Consequently, we need not address plaintiff's argument that there was a question of material fact about whether defendant had just cause to terminate plaintiff.

***3** Affirmed.

**All Citations**

Not Reported in N.W.2d, 1997 WL 33343826

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.