**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRIS PARTRIDGE,

Plaintiff,

Case No. 4:26-cv-10821-SDK-CI
Hon. Shalina D. Kumar

v.

UNIVERSITY OF MICHIGAN;
UNIVERSITY OF MICHIGAN BOARD OF REGENTS; SANTA ONO, in his official and individual capacities; WARDE MANUEL, in his official and individual capacities; and TONY PETITTI,

Defendants.

---

Elizabeth K. Abdnour (P78203)
Mitchell D. Sickon (P82407)
ABDNOUR WEIKER LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
mitch@education-rights.com

Mark A. Weiker (P85381)
Jessica N. Moore (OH: 0101098)
ABDNOUR WEIKER LLP
262 S. Third St.
Columbus, OH 43215
(614) 745-2001
mark@awlawohio.com
jessica@awlawohio.com

*Attorneys for Plaintiff*

Brian M. Schwartz (P69018)
D. Kyle Bierlein (P78278)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 W. Jefferson, Ste. 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
bierlein@millercanfield.com

*Attorneys for Defendants University of Michigan, University of Michigan Board of Regents, Santa Ono, and Warde Manuel ("University Defendants")*

---

**REPLY BRIEF IN SUPPORT OF THE
UNIVERSITY DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

## I. Plaintiff Fails to Plead Facts in Avoidance of Qualified Immunity.

Plaintiff bears the burden of avoiding qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). But he provides no plausible facts that Ono or Manuel violated a clearly established constitutional right.

For Ono, under *Iqbal/Twombly*, all "upon information and belief" allegations must be disregarded. Once that is done, there are no remaining supporting facts. The supervisory liability theory fares no better, since he does not identify any personal involvement by Ono in an act that directly affected Plaintiff. Instead, he confirms his theory is that Ono "took no alleged action," (ECF No. 25, PageID.366), which is insufficient. *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 321 (6th Cir. 2023).

For Manuel, most allegations are also made "upon information and belief." Again, Plaintiff pleads no facts to avoid immunity, instead merely reciting the legal standard. In other words, he fails to "allege, with particularity, facts that demonstrate what [Manuel] did to violate the asserted constitutional right." *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 626 (6th Cir. 2019). Nor does he establish that Manuel violated a clearly established constitutional right, since there is no on-point case law that placed the issue of whether it is constitutionally permissible to instruct an employee not to engage in behavior that could impact an ongoing investigation "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).[1]

[1] *Stern v. Shouldice*, 706 F.2d 742 (6th Cir. 1983), cited by Plaintiff, arose in a different context.

## II. Plaintiff's Due Process Claim Fails.

***Plaintiff failed to plead a property interest in continued employment.*** Presented with the stark reality that he was an at-will employee, Plaintiff cobbles together an argument that he has a protected interest in continued employment based on stray references from various documents. But he never identifies any language that converts the at-will language in his MOU into a "for cause" relationship.

To start, Plaintiff contends that the definition of "discipline" in SPG 201.10 "condition[s] disciplinary discharge on misconduct constituting just-cause." (ECF No. 25., PageID.358.) But this new factual allegation, including the reference to SPG 201.10, is conspicuously absent from the Amended Complaint and cannot be considered. *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541 (6th Cir. 2012).

Regardless, Plaintiff fails to assert plausible facts that a definitional section in the SPGs can modify his MOU's clear at-will language. This is not surprising since *Liu v. Stone* rejected the same argument. 2001 WL 865075, *3 (Mich. Ct. App. July 31, 2001) (rejecting "claim of just-cause employment [based] on language contained in the definitions section of the university's standard practice guide"). So did *Ehinger v. University of Michigan Board of Regents*, which held that the "*Standard Practices Guide* does not establish a promise of termination for just cause because there is nothing to suggest that the enumerated conduct was the only basis for dismissal." 1997 WL 33343826, *2 (Mich. Ct. App. Sept. 19, 1997).

In a weak attempt to distinguish *Liu* and *Ehinger*, Plaintiff argues that his MOU "expressly incorporates the University's provisions," without specifying any specific provision in the SPG that promises ***him*** just cause employment. (ECF No. 25, PageID.360.) But even if he did, he still cannot escape the clear and unambiguous at-will language stating "Your employment is at will and may be terminated with or without cause." (ECF No. 23-2, PageID.258.); *Biggs v. Hilton Hotel Corp*., 194 Mich. App. 239, 242, 486 N.W.2d 61, 63 (1992) ("The concept of at-will employment means not only that the employer, if it so chooses, may provide a disciplinary system and may terminate only for cause, but also that the employer may terminate for any other reason if the employer believes that that is in the best interests of the employer.") Nor can he escape SPG 201.12, which excludes employees, like Plaintiff, "whose employment agreement states that they serve at the pleasure of a particular University official."[2] (ECF No. 23-5, Page.269.)

***No pre-termination hearing was required.*** At best, Plaintiff had a fixed-term contract, since his MOU expired January 2024. (ECF No. 23-2, PageID.258.) "Given the fixed term of the contract, it is plain … that [he] ha[s] no due process right to notice and a hearing." *Sharp v. Lindsey*, 285 F.3d 479, 489 (6th Cir. 2002).

---

[2] "Serv[ing] at the pleasure" is synonymous with employment being subject to "satisfactory performance" because neither term modifies the presumption of at-will employment. *Rood v. Gen. Dynamics Corp*., 444 Mich. 107, 116 (1993). Additionally, Plaintiff's focus on the SPG's definitions is misplaced because the termination letter does cite "misconduct" as the termination reason. Instead, he "failed to satisfactorily perform his duties." (ECF No. 13, ¶175, PageID.159-60.)

Plaintiff attempts to avoid *Sharp* and *Ramsey v. Bd. of Educ. of Whitley Cnty., Ky.*, 844 F.2d 1268, 1273 (6th Cir. 1988) by asserting that he "alleges deprivation of the protected property interest itself." (ECF No. 25, PageID.352). But that is precisely what was alleged in those cases. *Sharp*, 285 F.3d at 488-89; *Ramsey*, 844 F.2d at 1272-84. Those decisions nonetheless held that there is no due process claim when an employee subject to a fixed-term contract is terminated without a pretermination hearing.

## V. Plaintiff's Failure to Train and Supervise Claim Fails.

Plaintiff fails to respond to the argument that he did not plausibly plead the elements of a failure to train and supervise claim. (ECF No. 23, PageID.243-246.) He does not identify training that was constitutionally required, does not plead deliberate indifference, and does not plead causation. The closest Plaintiff comes to addressing Count II is his argument for "supervisory liability" against Ono. (ECF No. 25, PageID.363-67.) But "supervisory liability" is not a claim in the abstract. Plaintiff has thus waived opposition to the dismissal of Count II.

Regardless, Plaintiff does not plausibly plead supervisory liability because he fails to show that Ono "encourage[d] the specific incident of misconduct or in some other way directly participated in it." *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008). Instead, his arguments require a series of illogical leaps to get from Ono's alleged prohibition on note-taking during a law firm presentation (pled "upon information and belief") to any harm that he experienced "months later" when

Plaintiff disregarded an instruction. (ECF No. 25, PageID.364.) Nothing connects a prohibition on note-taking with "restricting employee speech." (ECF No. 25, PageID.364.) Recognizing the flaw in the five-step causal chain asserted in the Amended Complaint, Plaintiff backtracks, claiming it "is not the causal theory [he] alleges." (ECF No. 25, PageID.366.) But then he proceeds to spell out an entirely new five-step theory that is similarly not plausible.[3] (*Id.*, PageID.366-67.)

## III. Plaintiff's First Amendment Claim Fails.

***Plaintiff spoke pursuant to his job duties.*** Plaintiff's own words doom his First Amendment claim. His "role" as a coach includes acting as a "mentor to many young men," (ECF No. 13, ¶245, PageID.177. *See also id.*, ¶93, PageID.146 (describing the "critical role" coaches play in "mentorship" of student-athletes).) Elsewhere, he confirms that his "close relationships with student athletes, … ***require[s]***" him "to provide support to them and help them through challenging circumstances." *Id.*, ¶40, PageID.136 (emphasis added).) Taking Plaintiff at his word, mentorship and guidance to student-athletes are "ordinarily within the scope of [a coach's] duties," *Lane v. Franks*, 573 U.S. 228, 240 (2014),[4] **which is precisely**

[3] *Venema v. West*, 133 F.4th 625, 633-37 (6th Cir. 2025) does not support Plaintiff. In that case, the plaintiff specifically identified actions by a prison warden that violated the decedent's constitutional rights and led to a death.

[4] The facts here are a far cry from *Lane*, since the speech there involved testimony pursuant to a subpoena as compared to private conversations within the football athletic facility. The same is true for *Ashford v. University of Michigan*, 89 F.4th 960 (6th Cir. 2024), where (unlike Plaintiff) the employee spoke to the press about a topic (sexual assault investigations) that was outside the scope of his duties. And *Stern v. Shouldice*, 706 F.2d 742 (6th Cir. 1983), a pre-*Garcetti* case, did not evaluate

**why he was instructed not to talk to student-athletes about a specific topic**, an instruction he cavalierly disregarded.[5] Consequently, Plaintiff was not speaking as a citizen. *DeCrane v. Eckart*, 12 F.4th 586, 597 (6th Cir. 2021).

***Plaintiff did not speak on a matter of public concern.*** Not every word that touches on a topic of public interest is constitutionally protected as a "matter of public concern." *Schilcher v. Univ. of Arkansas*, 387 F.3d 959, 963 (8th Cir. 2004). Here, the facts pled by Plaintiff confirm his speech is not protected. His speech involved a one-on-one conversation to a student regarding a private concern – whether that student-athlete should have an attorney present during an administrative (non-criminal) investigatory interview by the NCAA. The context of the speech, as well as Plaintiff's "communicative purpose" reflected Plaintiff's own personal views that the student-athlete should get an attorney. *Dambrot v. Cent. Mich. Univ.*, 55 F.3d 1177, 1186-88 (6th Cir. 1995). He did not seek to convey views about the investigation to the student-athlete, let alone to the public.

***Plaintiff fails the* Pickering *balancing test.*** The University need not show "actual disruption" of the workplace to prevail under *Pickering*. *Gillis v. Miller*, 845 F.3d 677, 687 (6th Cir. 2017). Employers are not required to "allow events to unfold" and wait for disruptive effects before taking action. *Id.* (quotation omitted). Instead,

---

whether the employee's speech fell within the scope of his duties (or even whether the speech involved a matter of public concern).

[5] While Plaintiff now states that he complied with the directive by not discussing the investigation's "substance," he pled that he was broadly instructed "not to discuss *the matters* being investigated." (ECF No. 13, ¶37, PageID.136 (emphasis added).)

because the University could "reasonably predict" that discussing the ongoing investigation – regardless of the extent of the discussion – could be seen by the NCAA as interfering with and obstructing the investigation, the *Pickering* balancing test favors the University. *Farhat v. Jopke*, 370 F.3d 580, 598 (6th Cir. 2004).

## VI. Plaintiff's Civil Rights Conspiracy Claim Fails.

"[C]onspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quotation omitted). Rather than identify specific facts, Plaintiff cites to allegations pled "[u]pon information and belief." (ECF No. 25, PageID.368 (citing ECF No. 13, PageID.156-58, containing 8 consecutive "information and belief" paragraphs).) In other words, all the "facts" Plaintiff relies upon must be disregarded under *Iqbal/Twombly*. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

***

The University Defendants respectfully request that the Court dismiss all claims against them, with prejudice.[6]

Dated: September 8, 2026 Respectfully submitted,

<u>*/s/ Brian M. Schwartz (P69018)*</u>
*Attorneys for University Defendants*

[6] Plaintiff concedes Count V should be dismissed. (ECF No. 25, PageID.348.)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Brian M. Schwartz*
Brian M. Schwartz (P69018)